Gabrielli, J.
(concurring). I concur in the majority’s conclusion that the order of the Appellate Division should be affirmed. However, since I find that the order can be affirmed on a narrower ground, I do not deem it necessary to consider the scope of the Family Court’s power to take remedial action pursuant to section 255 of the Family Court Act.
The order to show cause which was served upon the Department of Social Services initially requested only limited relief in the form of a directive requiring the agency to find a suitable foster home for Lorie C. Once that goal was accomplished, the power of the court to act upon the motion was terminated and could not be revived through the simple expedient of an "amendment” to the original order to show cause. Thus, the ex parte proceedings which were conducted after the execution of the amendment were without legal effect.
Moreover, since the Family Court in this case completely ignored the boundary that separates judicial authority from legislative and administrative prerogative (see, e.g., Jones v Beame, 45 NY2d 402), its order is plainly not entitled to enforcement. On these grounds alone, I would agree that the Appellate Division reached the correct result in reversing the order of the Family Court in this case. Nonetheless, I would not on this record rule out the possibility that, under the proper circumstances, section 255 might empower the Family *173 Court to fashion a remedy that extends beyond the immediate needs of a particular child.
Judges Jasen, Jones, Wachtler and Fuchsberg concur with Judge Meyer; Judge Gabrielli concurs in a separate opinion in which Chief Judge Cooke concurs.
Order affirmed, without costs.